IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
ALFA CORPORATION,            )
                             )
        Plaintiff,           )
                             )      CIVIL ACTION NO.
        v.                   )      2:20cv553-MHT
                             )           (WO)
ALPHA WARRANTY SERVICES,     )
INC.,                        )
                             )
        Defendant.           )
```

ORDER

Before the court are motions by defendant Alpha Warranty Services, Inc., to amend its answer to plaintiff Alfa Corporation's complaint and to stay discovery pending the resolution of its motion to dismiss.* *See* Motion to Stay Discovery (Doc. 37); Motion to Amend Answer (Doc. 39). For the reasons below, the court will grant both motions.

---

* The dismissal motion is designated in the alternative as a motion for summary judgment. For convenience, this order will henceforth refer to this motion as solely a motion to dismiss. In so doing, the court does not indicate any position regarding Alfa Corporation's argument that the motion, construed as a motion to dismiss, was untimely. *See* Response to Motion to Amend Answer (Doc. 44) at 1.

The Eleventh Circuit Court of Appeals has instructed that "'[f]acial challenges to the legal sufficiency of a claim or defense ... should ... be resolved before discovery begins,' especially when the challenged claim will significantly expand the scope of allowable discovery." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1292 (11th Cir. 2005) (alterations in original) (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)). This is so "because every claim has the potential to enlarge the scope and cost of discovery" and, as a result, proceeding to discovery on claims the legal sufficiency of which could be resolved without such discovery imposes unnecessary costs on litigants and the judicial system. *Id.*

In this case, Alpha Warranty challenges Alfa Corporation's entire complaint as time-barred either by the doctrine of laches or the applicable statutes of limitations. *See* Motion to Dismiss (Doc. 24) at 1-2.

2

Alpha Warranty has now moved to stay discovery until the motion to dismiss is resolved to avoid "expensive, time-consuming, and factually intensive discovery ... that may be irrelevant should Alpha Warranty's motion be granted." Motion to Stay Discovery (Doc. 37) at 2.

Alfa Corporation responded to the motion to dismiss with several reasons why it believes Alpha Warranty's defenses may not apply or may be overcome. *See* Response to Motion to Dismiss (Doc. 29) at 27-39. In its opposition to the motion to stay, Alfa Corporation largely reiterates these arguments regarding the merits of Alpha Warranty's defenses. *See* Response to Motion to Stay (Doc. 41) at 3-4. And, while Alfa Corporation argues that further discovery would be necessary before the case could proceed to trial, it does not argue that discovery is essential before the court rules on the motion to dismiss. *See id.* at 4-5.

Without peering too deeply into the merits of the motion to dismiss, it is apparent that Alpha Warranty's

3

asserted defenses are not wholly frivolous.  And it is also clear that, if the court were to rule in Alpha Warranty's favor on the motion, these defenses would resolve many or all of the claims made in Alfa Corporation's complaint.  Accordingly, and in light of the fact that neither party seems to believe that additional discovery is necessary for the court to rule on Alpha Warranty's dispositive motion, the court will grant Alpha Warranty's motion to stay discovery pending the resolution of the motion to dismiss.

As noted above, Alpha Warranty has also moved to amend its answer to Alfa Corporation's complaint.  The proposed amendment would append to Alpha Warranty's asserted affirmative defense that Alfa Corporation's claims are barred "by the doctrine of estoppel" a clarification that this defense "includ[es], but [is] not limited to, the doctrine of judicial estoppel." Motion to Amend Answer (Doc. 39) at 1.  Alfa Corporation principally responds to this motion by

**4**

arguing that Alpha Warranty's motion to dismiss is untimely because it was filed after Alpha Warranty filed its answer in this case, and that Alpha Warranty should have known about its potential judicial estoppel defense before filing its answer. *See* Response to Motion to Amend Answer (Doc. 44) at 1-2.

Rule 15 of the Federal Rules of Civil Procedure provides in this circumstance that Alpha Warranty may amend its pleading "only with the opposing party's written consent or the court's leave," and it instructs that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Alpha Warranty's motion was filed within the timeframe for amendments to pleadings allowed by the court's uniform scheduling order. *See* Uniform Scheduling Order (Doc. 23). And the court does not find compelling Alfa Corporation's arguments for why the court should refuse to allow the minor amendment that Alpha Warranty proposes, which would helpfully clarify for both the parties and the

court the particular estoppel doctrines on which Alpha Warranty is likely to rely if this case should move forward. The court will therefore grant Alpha Warranty's motion to amend its answer.

\* \* \*

Accordingly, it is ORDERED that:

(1) Defendant Alpha Warranty Services, Inc.'s motion to stay discovery (Doc. 37) is granted. Discovery in this case is stayed pending the court's resolution of the pending dispositive motion (Doc. 24).

(2) Defendant Alpha Warranty Services, Inc.'s motion to amend its answer (Doc. 39) is granted. Defendant Alpha Warranty Services, Inc. is to file an amended answer to the complaint on or before March 22, 2021.

(3) The uniform scheduling order (Doc. 23) is vacated in light of the stay of discovery.

DONE, this the 19th day of March, 2021.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

6